# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERRY SHERIDAN, | ) |
|     Plaintiff, | ) No. 3:16-CV-00213 |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Newbern |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) JURY TRIAL DEMANDED |
|     Defendant. | ) |

## MEMORANDUM OF OPINION

Pending before the Court is Defendant Diversified Adjustment Service, Inc.'s ("Defendant") Motion for Summary Judgment (Docket No. 24), Memorandum (Docket No. 25) and Statement of Undisputed Material Facts (Docket No. 26), in support of same, and Motion for Entry of Order Granting Summary Judgment (Docket No. 28) (collectively, the "Motion"). For the reasons stated below, the Motion will be **GRANTED**.

### I. BACKGROUND

Defendant is a licensed debt collector in the state of Tennessee. (Docket No. 24-2, ¶ 3.) Plaintiff had an account with Verizon Wireless upon which he owed a balance. (Docket No. 26, ¶ 2.) On April 18, 2013, Verizon Wireless referred Plaintiff's account to Defendant for collection. (Id. at ¶ 3.) Defendant then requested Plaintiff's "propensity to pay score" from Trans Union, a credit reporting agency, in order to assist Defendant in its collection efforts against Plaintiff on the Verizon account. (Id. at ¶ 5.)

Plaintiff filed this *pro se* lawsuit on February 12, 2016, alleging that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, by accessing his credit report with

1

no permissible purpose. (Id. at ¶¶ 1, 15.) Defendant claimed that it legally obtained Plaintiff's credit report in an attempt to collect on an account owed by Plaintiff, pursuant to § 1681b(a)(3) of the FCRA (Docket No. 12, ¶ 15), and moved for summary judgment on these grounds (Docket No. 24). Defendant also filed a Motion to Dismiss for Plaintiff's failure to comply with the Court's order resulting from the July 8, 2016 scheduling conference (Docket No. 27, ¶ 9), because Plaintiff did not respond to Defendant's Requests for Admission (Docket No. 27-1). Finally, Defendant filed a Motion for Entry of Order Granting Summary Judgment on the grounds that Plaintiff did not respond to its Motion for Summary Judgment. (Docket No. 28.)

**II. STANDARD OF REVIEW**

Summary judgment is rendered when "there is no genuine dispute as to any material fact and … the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate that the non-moving party has failed to establish a necessary element of that party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant has the initial burden of informing the district court of the basis for the summary judgment motion and identifying portions of the record that lack a genuine issue of material fact. Id. at 323. However, the non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. Id. at 324. A "mere possibility" of a factual dispute is not sufficient to withstand a properly supported motion for summary judgment. Baird v. NHP Mill Creek Apartments, 94 F. App'x 328, 330–31 (6th Cir. 2004) (quoting Gregg v. Allen-Bradley Co., 801 F.2d 859, 863 (6th Cir. 1986)). A dispute about a material fact is genuine if a reasonable factfinder could find for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party asserting or denying that a fact is genuinely disputed must support its position by (1) citing to particular parts of materials in the

record; (2) showing that the materials cited by the opposing party do not establish the absence or presence of a genuine dispute; or (3) showing that an adverse party cannot produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1).

### III. ANALYSIS

To prove that a defendant obtained a plaintiff's credit report with no "permissible purpose," in violation of the FCRA, 15 U.S.C. § 1681 *et seq.*, the plaintiff must show "(i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." Bickley v. Dish Network, LLC, 751 F.3d 724, 728 (6th Cir. 2014). A plaintiff must also prove "the defendant acted with the specified level of culpability," but the court need not address this if it finds "the presence of a 'permissible purpose[.]'" Bickley, 751 F.3d at 728, n.3. If the plaintiff fails to demonstrate any of these elements, the FCRA claim fails. Id. at 728. Defendant admits that it obtained Plaintiff's "propensity to pay" score. (Docket No. 12, p. 3, ¶ 3.) Therefore, the second element is undisputed and the Court will confine its analysis to the first and third elements.

Under the FCRA, a "consumer report" is:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized under section 1681b of this title.

3

15 U.S.C. § 1681a(d)(1). Moreover, "any consumer reporting agency may furnish a consumer report … to a person which it has reason to believe … intends to use the information in connection with a … collection of an account, of the consumer[.]"  15 U.S.C. § 1681b(a)(3)(A).

By failing to respond to Defendant's Statement of Undisputed Material Facts (Docket No. 28), Plaintiff admitted those facts for purposes of summary judgment. L.R. 56.01(g)[1]; Sheridan v. United Recovery Sys., LP, No. 3:14-cv-01250, 2015 WL 1462909, at *2 (M.D. Tenn. Mar. 30, 2015). Similarly, by failing to respond to Defendant's Requests for Admissions (Docket No. 27-1), Plaintiff admitted them (Docket No. 27, ¶ 9). Fed. R. Civ. P. 36(a)(3)[2]; Kline v. Mortg. Elec. Sec. Sys., 154 F. Supp. 3d 567, 606 (S.D. Ohio 2015). Therefore, the following facts are undisputed:

1) At all times relevant to the case at bar, Defendant has been authorized to collect debts in the State of Tennessee.  (Docket No. 26, ¶ 4.)
2) On April 18, 2013 Verizon referred Plaintiff's unpaid balance on his account to Defendant for collection.  (Id. at ¶¶ 2–3; Docket No. 24, Ex. A.)
3) Defendant requested one copy of Plaintiff's "propensity to pay score" from Trans Union, a credit reporting agency, to assist Defendant in its collection of the debt Plaintiff owed to Verizon. (Docket Nos. 26, ¶ 5; 24, Ex. B, ¶ 6.)

Defendant obtained Plaintiff's "propensity to pay score," which is essentially a "consumer report" within the meaning of 15 U.S.C. § 1681a(d)(1)(A). First, it is a communication by Trans Union, a credit reporting agency. (Docket No. 26, ¶ 2.) Second, it bears on Plaintiff's "credit worthiness, credit standing, credit capacity" because it measures Plaintiff's likelihood of paying for purposes of assisting in debt collection (id. ¶ 5). 15 U.S.C. §

---

[1] Under L.R. 56.01(g), "Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment."

[2] Under Fed. R. Civ. P. 36(3), party admits a matter contained in a request for admission unless, within thirty days of being served such request, the party serves the requesting party with a written answer or objection.

1681a(d)(1); see Robinson v. TSYS Total Debt Mgmt., Inc., 447 F. Supp. 2d 502, 512 (D. Md. 2006) (holding that a "likelihood of collection" score, "appears to fall within the definition of 'consumer report' under the FCRA."). Third, Defendant obtained it for a purpose "authorized under section 1681b of" the FCRA because Defendant "intends to use the information in connection with . . . collection of an account, of the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A). Therefore, the "propensity to pay" score is a "consumer report" under 15 U.S.C. § 1681a(d)(1)(A).

Having concluded that Defendant obtained Plaintiff's propensity to pay score for a purpose authorized by 15 U.S.C. § 1681b(a)(3)(A) obviates the need to analyze whether such action was permissible under the FCRA. Indeed, the Sixth Circuit and, more particularly, this Court in an analogous case involving Plaintiff have found debt collection to be a permissible purpose. Etefia v. Russell Collection Agency, Inc., 20 F. App'x 485, 486 (6th Cir. 2001) (holding that a debt collection agency "was authorized by § 1681b(a)(3)(A) to request a credit report since its reason for requesting the report was to review the collection of an account of a consumer"); Carlisle v. Portfolio Recovery Assocs, Inc., 1:13-cv-209, 2014 WL 4829023, at *2 (E.D. Tenn. Sept. 29, 2014) (holding that "because debt collection is a permissible purpose, Plaintiff has not alleged facts sufficient to establish an FCRA violation.").

If a defendant has a permissible purpose for obtaining and using a consumer report, plaintiff's FCRA claims must fail. See Bickley, 751 F.3d at 728. Here, Plaintiff offers no evidence to dispute that he owed the debt that led Defendant to obtain Plaintiff's "propensity to pay score". (Docket Nos. 27, ¶ 9; 28.) Where a plaintiff fails to dispute this permissible purpose, summary judgment is appropriate. See id. at 734 (affirming lower court's grant of summary judgment to defendant on FCRA claims because there was a "permissible purpose" in

obtaining the consumer report); Robinson, 447 F. Supp. 2d at 515 (granting defendant's summary judgment motion because debt collection is a permissible purpose for obtaining a credit report under the FCRA); Sheridan v. United Recovery Sys., No. 3:14-cv-01250, 2015 WL 1810125, at *1 (M.D. Tenn. Apr. 17, 2015) (adopting magistrate's report and granting summary judgment, at 2015 WL 1462909, holding that debt collection is a permissible purpose under the FCRA) . As "there is no genuine dispute as to any material fact" that Defendant acquired Plaintiff's "propensity to pay" score for a permitted purpose, Defendant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### IV. CONCLUSION

For the above-stated reasons, the Court will **GRANT** Defendant's Motion for Summary Judgment (Docket No. 24) and **DISMISS** Plaintiff's Complaint with prejudice. An appropriate Order will be filed herewith and the Clerk of the Court shall prepare and enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
KEVIN H. SHARP, CHIEF JUDGE
UNITED STATES DISTRICT COURT